IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARCUS SEARS,

   Petitioner

v.

UNITED STATES OF AMERICA

   Respondent

Crim. No.  PJM 12-0179
Civil No.  PJM 16-2120

## **MEMORANDUM OPINION**

Marcus Sears, through counsel, has filed a Motion to Correct Sentence Under 28 U.S.C. § 2255. ECF No. 43. For the reasons stated below, the Court **DENIES** his Motion.

On May 15, 2013, Sears pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On August 14, 2013, Judge Williams sentenced him to a term of 86 months imprisonment after finding he had a prior conviction that qualified as a "crime of violence" under U.S.S.G. § 4B1.2.(a), which in turn resulted in a four sentencing offense level increase under U.S.S.G. § 2K2.1(a)(2). Specifically, Judge Williams found t1h0.at Sears had a Maryland first-

degree burglary conviction that qualified as a "crime of violence."

On February 29, 2016, the Office of the Federal Public Defender notified Chief Judge Blake of the District Court of Maryland that Sears was one of 459 defendants it had identified as possibly being eligible for relief under 28 U.S.C. § 2255 on the grounds that the new rule of constitutional law announced in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), held to apply retroactively to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016), might apply to his case. ECF No. 42. Chief Judge Blake agreed and appointed the

1

Federal Public Defender to assist Sears in preparing a § 2255 proceeding. *Id.* On June 14, 2016, the present motion was filed. The Government did not file a response.

Sears argues that, in light of the Supreme Court's recent decision in *Johnson*, his prior conviction for Maryland first-degree burglary is no longer a "crime of violence." In *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's ("ACCA") residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. Sears argues that it follows from *Johnson* that the identical residual clause in the career offender provision of the Sentencing Guidelines (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness. However, on March 6, 2017, the Supreme Court held in *Beckles v. United States*, __ U.S.__, 137 S. Ct. 886 (2017) that *Johnson* does not apply to U.S.S.G. § 4B1.2(a)(2) because, unlike the ACCA, the Guidelines are advisory only. Thus, challenges under § 2255 to sentences imposed under the sentencing guidelines are not subject to *Johnson* challenges.

Since Sears's motion rests entirely on the argument that *Johnson* applies to his claim, the Court **DENIES** his Motion to Correct Sentence Under 28 U.S.C. § 2255.

A separate Order will **ISSUE**.

_____**/s/**_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**September 27, 2017**