## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Plaintiff | * | |
| **v.** | * | Criminal No. **PJM 12-0179** |
| | * | |
| **MARCUS SEARS** | * | |
| | * | |
| Defendant | * | |

### MEMORANDUM OPINION

Marcus Sears has filed a Motion for Review of Detention Order pursuant to 18 U.S.C. § 3145(b), ECF No. 61, the Government has responded in Opposition, ECF No. 65, and Sears has replied, ECF No. 66. For the reasons set forth below, the Court **DENIES** the Motion.

I.

On April 2, 2012, a federal grand jury for the District of Maryland returned a one-count indictment charging Sears with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. On May 15, 2013, he pled guilty to the sole count of the indictment before Judge Alexander Williams, Jr., ECF No. 32, who sentenced Sears to 86 months imprisonment and 36 months of supervised release, ECF No. 40.

Sears served his term of incarceration and on January 9, 2019, his supervised release commenced. ECF No. 51. On February 19, 2019 and April 30, 2019, Probation filed status reports on his supervision, alleging that two separate urinalysis tests were positive for marijuana, but ultimately recommended "No Action" both times. ECF Nos. 47, 49. The Court accepted these recommendations. ECF Nos. 48 and 50. On March 4, 2020, Probation filed a violation petition alleging that Sears had committed ten violations of his supervised release. ECF No. 51. Nine of the ten violations in the petition relate to four new criminal charges filed against Sears in Virginia

and Maryland: (1) on June 28, 2019 he was arrested and charged in the Prince William General District Court in Virginia, under the false name of Sean Jones, for manufacturing controlled substances; (2) on February 18, 2020, he was arrested and charged in the District Court for Prince George's County for Assault Second Degree and Assault First Degree; (3) on February 21, 2020, he was arrested and charged in Prince William General District Court in Virginia with possession of drugs, possession of marijuana, and identity theft; and (4) on February 25, 2020, he was charged in Prince William General Court in Virginia with perjury for falsely swearing an oath before the court, possession of marijuana, forgery of public records, identity theft, and false identify of self to law enforcement. *Id.*

On March 11, 2020, this Court issued an arrest warrant for Sears. ECF No. 52. On May 6, 2020, almost two months after the start of the COVID-19 pandemic, Sears had his initial appearance before Magistrate Judge David Copperthite on the petition to revoke his supervised release, including a detention hearing on the alleged violations of supervised release. ECF No. 55. Judge Copperthite detained Sears, finding that the "defendant failed to prove he is not a threat to public safety or risk of flight." ECF No. 58. Judge Copperthite listed ten reasons to detain Sears including: that he was charged with crimes shortly after he was released from incarceration, that he had a serious and violent criminal history (he is a criminal history category VI), that his new criminal charges involved domestic violence, the fact that he used fake identities, and that he has many failure to appears in his history. *Id.* Judge Copperthite also noted that, even with the COVID-19 pandemic, there was no evidence Sears was not receiving appropriate medical care and that the "COVID-19 factors did not outweigh Sears's risk to public safety or risk of flight." *Id.*

On June 20, 2020, Sears filed the present Motion for Review of Detention Order. ECF No. 61. The Government has responded, ECF No. 65, and Sears has replied, ECF No. 66. The Motion

is now ripe for the Court's consideration.

II.

Sears asks for review of Judge Copperthite's decision pursuant to 18 U.S.C. § 3145(b), which states:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

In considering such an appeal, the district court reviews the Magistrate Judge's detention order de novo. *United States v. Stewart*, 19 Fed. App'x 46, 47 (4th Cir. 2001). Thus, a district court must make "an independent determination of the proper pretrial detention or conditions of release." *Id.* This Court can release Sears if it finds, by clear and convincing evidence, that he will not flee or pose a danger to the community. Fed. R. Crim. Proc. 32.1 (2018) (applying 18 U.S.C. § 3143(a)(1)). Sears bears the burden of establishing by clear and convincing evidence that he does not pose such risks. *Id.*

The factors a court must consider in determining whether to detain a defendant include: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a . . . a controlled substance [or] firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). In light of the COVID-19 pandemic, the Fourth Circuit has also suggested that courts evaluate "the severity of the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at the facility where he is being held, and whether that risk, balanced against the other Bail Reform Act factors, rises to the level of a 'compelling reason' for temporary release under 18 U.S.C. § 3142(i)." *United*

– 3 –

*States v. Creek*, CCB-19-36, App. No. 20-4251, at *1 (4th Cir. Apr. 15, 2020).

III.

Sears asks for review of Judge Copperthite's decision but does not identify any issues with that decision, simply adding that home location monitoring is now available whereas it was not during his detention hearing.

After reviewing the record *de novo* and considering the 18 U.S.C. § 3142(g) factors, the Court agrees with the Government and Judge Copperthite that Sears should be detained.

**A. The Nature and Circumstances of the Offenses and Weight of the Evidence**

All but one of Sears' alleged violations relate to four criminal charges accrued since his supervision commenced on January 9, 2019. The last alleged violation is failure to gain full-time employment as directed since March 2019. All four cases are all currently pending, and he has been released in all of them. A review of the circumstances of each case is appropriate.

On June 28, 2019 Sears was arrested and charged in the Prince William General District Court in Virginia, under the false name of Sean Jones, for manufacturing controlled substances. He argues that the circumstances surrounding his arrest suggest personal usage and not manufacturing; i.e., he was a passenger in the car where the drugs were found; only one glass vial, one folded piece of paper, and three plastic baggies were found; no money or packaging materials were found; and there had been no surveillance of suspected drug sales. The Government submits that when Sears was arrested, he allegedly gave a fake name to police and admitted to smoking PCP earlier that day, and that he ultimately failed to notify Probation of this arrest as required by the terms of his supervised release.

Sears was later charged on February 25, 2020 with perjury, false identification and identification fraud in relation to the present case. According to the criminal complaint, Sears

– 4 –

provided a fake name during the arrest, signed a live scan form and his recognizance form with this fake name, and at the magistrate judge hearing, after being placed under oath, swore his name was Sean Jones.

On February 18, 2020, Sears was arrested and charged in the District Court for Prince George's County with first degree and second degree assault. He argues that he has no convictions for domestic violence and the complaining witness, his girlfriend, has since filed a notarized statement affirming that he did not hit her. The Government points out that on the day of the arrest, according to the police report, the police were called to his sister's house, the very house he now seeks to be released to, and observed that his girlfriend had a busted lip and laceration on her face on the left side of her chin. According to the report, his girlfriend told police that Sears hit her with a closed fist and then struck her with a lamp. The report noted that her story was corroborated by their child and Sears himself that night.

On February 21, 2020, Sears was arrested and charged in Prince William General District Court in Virginia with possession of drugs, possession of marijuana, and identity theft. He argues that he is charged with simple possession of a small quantity of drugs found in a shared hotel room. The Government points out that this arrest occurred just a few days after he was arrested for assault, and that Sears was allegedly found in a hotel room with marijuana, cocaine, and heroin, along with drug paraphernalia that showed signs of use, as well as $2,272 in cash. According to the police report, the police knocked on the door of the hotel room while looking for a woman, and Sears opened the door and told police that she was not there. The police then entered the room after allegedly smelling marijuana and in fact the woman they sought was present. Sears then allegedly provided the police with a fake name, social security number, and date of birth, which the police only discovered was false after running the information he provided through the system.

Given the severity of the various underlying charges, the fact that Sears provided fake names multiple times, including once while under oath, and the weight of the evidence, the Court finds that the first two factors related to the decision to detain—the Nature and Circumstances of the Offenses and the Weight of the Evidence—mitigate in favor of detention.

**B. History and Characteristics of the Person**

As the Government points out, Sears is a criminal history category VI, with convictions for first degree burglary, second degree assault, possession of marijuana, and for violating release conditions. Amended Presentence Report ("PSR"), ECF No. 39. He has multiple convictions related to handguns and many convictions involving narcotics and/or violence. *Id.* At least two prior convictions involved Sears giving fake names and dates of birth. *Id.* The Government argues this record "show[s] a complete disregard for the law and the criminal justice system."

Sears argues that the Government overstates the seriousness of his criminal record and that he does not have a "lengthy history of drug dealing or violence" and that "any concerns the Court may have regarding his criminal record can be addressed through intensive supervision and substance abuse treatment." He adds that, except for the conviction for which he is now on supervised release, his remaining convictions date back nearly a decade or more.

After careful review of the Presentence Report, ECF No. 39, the Court agrees with the Government. Sears has a distressingly lengthy and troublesome record. He has multiple convictions on his record involving convictions involving violence and/or handguns, including a conviction for Second Degree Assault for striking a victim with a handgun at a gas station, and one conviction involving a stolen handgun. He has also repeatedly violated probation and, as the Government stresses, has attempted to mislead law enforcement through the use of false names. Further, the obvious reason why Sears' other convictions date back nearly a decade or more is

because he was incarcerated for much of the past decade. In the year or so after his release from incarceration and the start of his supervised release, he has managed to be charged with four very serious crimes.

As such, the third factor weights in favor of detention.

## C. The Nature and Seriousness of the Danger to the Community in the Event of the Defendant's Release

Sears argues that his substantial compliance with drug treatment, recent history of court appearances, high blood pressure, and comprehensive release plan provide clear and convincing evidence that he is unlikely to flee or pose a danger to the community. He submits that as part of a ten-month treatment program, he attended weekly group counseling sessions and submitted to urinalysis, and only tested positive for marijuana twice and never for any other substances. He also states that he appeared for several hearings on the June 2019 case in Virginia state court and can be trusted to appear in court. He adds that the four underlying cases are currently pending indefinitely due to COVID-19 and that the toxicology results from the February 2020 case are not expected until October 2020. As such, he argues the Court should not detain him indefinitely but instead should impose additional drug treatment as a release condition and order home confinement with his sister serving as third-party custodian.

The Government disagrees, arguing that Sears will be a serious danger to the community if he is released. The Government points out that Sears has not substantially complied with drug treatment because during the ten months he participated in his substance abuse program, he missed approximately eleven weekly substance abuse meetings and was arrested and charged with possession with intent to distribute PCP, crack cocaine, and heroin. The Government reiterates that he was using/selling narcotics and falsely identifying himself to law enforcement after having just served seven years in prison. The Government notes that Sears' underlying cases are not in fact

pending indefinitely because his Virginia cases have upcoming hearing dates (though it appears Sears may have to ask for those to be postponed), and that his Maryland case may have new dates set soon.

The Court finds that Sears has not shown by clear and convincing evidence that he is not a danger to the community and that he is not a flight risk. On the contrary, his behavior while on supervised release indicates that, if released, he will be a danger to the public and a flight risk. He has not substantially complied with his drug treatment program, has been arrested multiple times, including once for allegedly assaulting his girlfriend in the very house he seeks to be released to, has allegedly lied to police officers repeatedly, has lied under oath at a court proceeding, and has allegedly been using drugs.

Sears proposes that the Court order release conditions that mitigate concerns related to his pending state cases, including ordering drug treatment and confining him to his sister's house and ordering Sears to not have contact with his girlfriend.[1] But given his history, the Court is not convinced that even with these measures, he would not pose a danger to the community or, indeed, to his girlfriend. Notably, in 2001, Sears was convicted for first degree burglary and during his arrest, the police officer found a plastic baggie of suspected marijuana just above his home detention anklet.

Consequently, the fourth factors also weighs in favor of detention.

**D. The COVID-19 Pandemic**

Sears submits that he has hypertension, which makes him more vulnerable to severe illness and death from COVID-19. He adds that because he is more vulnerable, he has substantial motivation to comply with the Court's release conditions.

---

[1] Whether electronic home monitoring is available is academic—even with electronic home monitoring, Sears would pose a danger to the public.

Sears is currently incarcerated at Northern Neck Regional Jail ("NNRJ") in Warsaw, Virginia. He argues that he cannot access the same type of drug treatment inside NNRJ during the current pandemic.

According to the Government, NNRL has had no positive tests for COVID-19 within the inmate population or the workforce. Further, NNRJ has implemented precautionary measures, as detailed in the Government's response. In addition, the Government points out that Sears provided no documentation as to his medical condition and that at NNRJ he is surrounded by medical professionals and "has access to all of the care that he needs."

The Court acknowledges the perils of being incarcerated during the COVID-19 pandemic and the risk that inmates face of being infected with COVID-19 while incarcerated. The Court also recognizes that certain risk factors, such as having hypertension, do make an individual more susceptible to the effects of COVID-19. But Sears is only 36 and cites no other risk factor beyond hypertension. He is also housed in a facility with no known cases of COVID-19. Even if it had reported cases of the virus, there is no indication that NNRJ in Warsaw, Virginia will be unable to cope. The nature of Sears' conduct, the weight of the evidence, the danger he poses to society, and the fact that he is a flight risk far outweigh the risk that he might contract COVID-19 and suffer consequences should he contract it.

IV.

Because Sears has not shown by clear and convincing evidence that he will not flee or pose a danger to the community and the factors under 18 U.S.C. § 3142(g) weigh strongly in favor of

his detention, the Court **DENIES** his Motion for Review of Detention Order, ECF No. 61.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

July 28, 2020